UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| AGRI-SOUTH GROUP L.L.C., *et al.* | CIVIL ACTION 1:17-cv-00388 |
| VERSUS | JUDGE DRELL |
| PARAWON CORP., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Plaintiff Delta Asset of North Carolina, L.L.C. (Doc. 13). For the following reasons, the Motion to Remand should be granted, and all remaining motions (Docs. 11, 28, 64) should be denied as moot.

I. Background

Before the Court is a complaint removed from a Louisiana state court by Chevron U.S.A. Inc. ("Chevron") in its individual capacity and as successor to Gulf Refining Company (Doc. 1). The sole remaining plaintiff is Delta Assets of North Carolina, L.L.C. ("Delta Assets").

The remaining defendants are Parawon Corp., the Paul Broadhead Succession, Sherry Monroe Broadhead (individually, as Executrix of the Succession of Paul Broadhead, as co-trustee of Southeast Trust, and as an heir of Paul Broadhead), C. Dennis Goldman as co-trustee on behalf of Southeast Trust, Mobile Operating L.L.C., Chevron, and Southeast Trust. The remaining Third-Party Defendants are Adco Producing Co., Inc., Gravtro Inc., the Estate of Jack E. Stack, Jr., Miss-Lou Oil Producers, Vassar & Brown-Como Drilling Co., and unspecified insurers.

The plaintiffs in this case alleged property damage caused by oil and gas operations. Plaintiff Delta Assets, owner of the "Subject Property," seeks only remediation and clean-up. Delta Assets proposed a clean-up plan that involved remedial well-plugging, removal of a tank battery and piping from the property, soil remediation, and groundwater remediation. Those operations include installation of a recovery well system and soil excavation.

Defendant Chevron contends the United States holds a perpetual easement over the property pursuant to the federal Wetlands Reserve Program, which is administered through the U.S. Department of Agriculture, Natural Resources Conservation Service ("the Conservation Service"). Chevron contends Delta Assets' supplemental discovery response indicates that resolution of Delta Assets' claims might require an interpretation of the terms of the Wetlands Reserve Program agreement and the United States' rights under that deed. Chevron concluded this case necessarily raises a substantial federal question and removed it pursuant to 28 U.S.C. § 1331.

Delta Assets filed a Motion to Remand (Doc. 13), contending Chevron's removal was untimely under 28 U.S.C. § 1446, and that Delta Assets' purely state-law claims do not provide a basis for federal question jurisdiction.

II. Law and Analysis

    A. Chevron's Notice of Removal was untimely.

Delta Assets contends that Chevron filed its Notice of Removal on March 13, 2017 (Doc. 13). Delta Assets argues Chevron's notice of removal was filed more than

30 days after it received a copy of Delta Assets' petition adding Chevron as a defendant on December 3, 2015.

The time limit for removal in this case is provided in 28 U.S.C. § 1446(b)(3): "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Chevron contends Delta Assets indicated for the first time that Conservation Service authorization or approval might be necessary before remediation or restoration could proceed on the Subject Property in its supplemental response to Chevron's Request for Admission No. 9 (Doc. 1). Chevron received that response on February 9, 2017 (Doc. 1).

Delta Assets argues that, in its petition against Chevron (Doc. 1-21, p. 43/64), it alleged it is the owner of the Subject Property that was purchased from Morrison Ventures by an Act of Cash Sale dated May 25, 2004, and referenced the conveyance record by Conveyance Book and page number. Delta Assets contends the Act of Sale expressly identifies the Wetlands Reserve Program easement in favor of the United States that burdens the Subject Property.

Delta Assets' petition does not specifically reference the Wetlands Reserve Program easement. However, it was specifically set forth in Delta Asset's January 2017 responses to Chevron's Requests for Admissions (Doc. 24-5, pp. 1-6/29). Delta

3

Assets further contends that it produced a copy of the Wetlands Reserve Program easement agreement on the Subject Property during discovery (in response to Requests for Admissions) in January 2017 (Doc. 1-19, pp. 26-27).

Moreover, Chevron was a third party defendant in this case in 2015 and, as such, argued (with Defendant Parawon) that Delta Assets had no right to seek remediation of its own land because that right had been transferred to the United States in the deed that created the Wetlands Reserve Program easement (Doc. 1-7, pp. 157-66), Doc. 1-10, p. 351). That argument was rejected by the Louisiana state district court, court of appeals (Doc. 13-6, pp. 27/32, 30/32), and the Supreme Court (Doc. 13-5). See Agri South Group, L.L.C. v. Exxon Mobil Corp., 2015-CC-1301 (La. 11/16/15), 184 So.3d 26.

Therefore, it appears Chevron was aware of and made a legal argument concerning the Wetlands Reserve Program easement on the Subject Property in 2015. At the latest, Chevron had notice of the Wetlands Reserve Program easement through a discovery response in January 2017. Even accepting January 2017 as the relevant date, it is apparent that Chevron was aware in 2015 that Conservation Service authorization or approval might be necessary before remediation or restoration can proceed, because it argued then that Delta Assets had ceded its right to remediation to the Conservation Service through the easement agreement.

Accordingly, Chevron had notice in 2015 that the Conservation Service's approval or authorization for remediation "might be" required. Therefore, Chevron's March 2017 removal of this case was clearly untimely.

### B. Delta Assets' state law claims do not provide a basis for federal question jurisdiction.

In the alternative, Delta Assets contends the case should be remanded because it is not a "rare case" in which a purely state-law claim provides a basis for federal question jurisdiction (Doc. 13).

A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. See Singh v. Duane Morris L.L.P., 538 F.3d 334, 337-38 (5th Cir. 2008). However, there are instances where a claim may "arise under" federal law and be removed to federal court, even though the plaintiff makes no federal claims. For purposes of § 1331, an action arises under federal law is in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law. See Hughes v. Chevron Phillips Chemical Co. LP, 478 Fed. Appx. 167, 170 (5th Cir. 2012), cert. den., 568 U.S. 1114 (2013). The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986). The question is whether a state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Singh, 538 F.3d at 338 (citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).

Federal question jurisdiction exists where: (1) resolving a federal issue is necessary to resolution of the state law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) the federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. Singh, 538 F.3d at 338; see also Gunn v. Minton, 568 U.S. 251, 258 (2013). A federal question exists only in those cases in which a well-pleaded complaint establishes either: (1) that federal law creates the cause of action; or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Dos Santos v. Belmere Ltd. Partnership, 516 Fed. Appx. 401, 403 (5th Cir. 2013) (citing Singh, 538 F.3d at 337-38).

Chevron contends the federal issue in this case is "whether Delta Assets, as the owner of property enrolled in the federal WRP, has a right to relief on its claims for remediation and clean-up of the Subject Property." Chevron further contends "[i]n order to meet its burden, Delta Assets must demonstrate its restoration rights under the WRP Agreement. This inquiry requires interpreting federal WRP statutes and regulations." (Doc. 24, pp. 14-15, 22).

The federal issue in this case is not substantial. Chevron argues the federal issue affects Delta Assets' right to relief. However, the only cited federal issue is whether the Wetlands Reserve Program easement agreement requires approval or authorization by the Conservation Service of any remediation work on the property. Chevron has presented a portion of a deposition by Jim King, Delta Assets' designated representative, in which he stated that Delta Assets may have to seek "compatible

use" authorization from the United States for the form of the remediation, but that Delta Assets would be able to remediate the property (Doc. 76-1). Chevron has not shown the United States would have to authorize remediation, but only that it might have to authorize how the remediation is carried out on the easement. Therefore, that deposition does not assist Chevron in showing there is a "substantial federal issue" as to whether Delta Assets, as the property owner, has a right to relief.

Delta Assets refers the Court to a very recent decision from the Eastern District of Louisiana, Dinvaut v. Cambridge Energy Corp., 2017 WL 3484759 (E.D. La. 2017) (Doc. 63-1). In that opinion, which concerned whether or not the state law cause of action presented a substantial issue of federal law, the court stated:

> Defendants are woefully non-specific as to the precise disputed issue of federal law between the parties. Simply asserting that the subject matter of the suit implicates a federal regulatory scheme is insufficient to establish a relevant dispute of federal law. After all, were it otherwise, nearly every case would be a federal case given how thoroughly modern life is regulated by the federal government.

See Dinvaut, 2017 WL 3484759 at *3 (citing St. Bernard Parish v. Atlantic Richfield Co., 2017 WL 2875723, at *2 (E.D. La. 2017)); see also St. Bernard Parish v. Rozel Operating Company, 2015 WL 403791, at *5 (E.D. La. 2015). As in Dinvaut, Chevron has not specified a particular federal law at issue, but merely cites the Wetlands Reserve Program. That nebulous allegation is insufficient to satisfy the standard for federal jurisdiction.

Accordingly, Delta Assets' Motion to Remand (Doc 13) should be granted.

## C. The remaining motions should be denied as moot.

There are two other outstanding motions in this case: Defendants' Motion for Judgment on the Pleadings (Doc. 11); and the Motion to Compel Deposition Testimony from Benjamin Simmons, Jr. and Motion for Attorney Fees by Defendants Sherry Broadhead, Chevron, and Parawon (Doc. 64). Those motions should be denied as moot.

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Delta Assets' Motion to Remand (Doc. 13) be GRANTED and this case be REMANDED to the Louisiana Twelfth Judicial District Court in Avoyelles Parish, Louisiana.

IT IS FURTHER RECOMMENDED that Defendants' Motion for Judgment on the Pleadings (Doc. 11) be DENIED AS MOOT.

IT IS FURTHER RECOMMENDED that the Motion to Compel Deposition Testimony from Benjamin Simmons, Jr. and Motion for Attorney Fees (Doc. 64) by Defendants Sherry Broadhead, Chevron, and Parawon be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy

of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __19th__ day of October, 2017.

Joseph H.L. Perez-Montes